```
FUNCTION = CHANGE                                              CASE SCREEN 4
    Case number : 11-C-46                             Action Log
        DAVID J TRIPLETT                    vs. NATIONSTAR MORTGAGE LLC
Line   Date                         Action / Results
   1 02/16/11 CASE FILED/SUMMONS TO ATTY FOR SERVICE
   2 03/16/11 @RTN SERVICE/SOS/ACCEPTED SERVICE FOR NATIONSTAR MORTGAGE 3/11
   3 03/21/11 @ECERT/SOS/NATIONSTAR MORTGAGE/C LEGG 3/15/11




    C=Chg   D=Del   1-4=Scr   M=Menu   T=Chg Line#   PgUp PgDn P=Prt A=Add I=Image
```

Exhibit A

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

DAVID J. TRIPLETT,

    Plaintiff, individually, and on
behalf of a class of similarly-
situated persons,

v.

    Civil Action No.: 11-C-46
Spaulding

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## COMPLAINT

### PRELIMINARY STATEMENT

1.     Defendant Nationstar Mortgage, LLC (Nationstar) is an abusive mortgage-loan servicer that unfairly, unreasonably and unlawfully services loans of West Virginia consumers. In violation of West Virginia law, Nationstar assesses multiple late-payment fees for a single late payment, refuses to credit borrowers' loan-payments against amounts due, charges late fees in amounts that exceed those authorized by contract and West Virginia law, and threatens or actually collects a host of other unlawful fees. These practices enrich the Defendant at the expense of its customers, and unnecessarily place borrowers at risk of default and the loss of their homes through foreclosure. To enforce West Virginia law and stop these abusive business practices, Plaintiff brings this action on his own behalf and on behalf of a class of West Virginia borrowers with loans serviced by the Defendant.

441640

## PARTIES

2.  Plaintiff David J. Triplett resides in Putnam County, West Virginia.

3.  Nationstar is a loan servicer and creditor that collects Plaintiff's payments and fees charged to his account. Nationstar has a principal place of business at 350 Highland Drive, Lewisville, Texas 75067.

## FACTS

4.  In December 2003, Plaintiff obtained a mortgage loan from GMAC Mortgage Corporation, d/b/a Ditech.com, on his home located in Putnam County.

5.  In December 2008, Nationstar began servicing Plaintiff's loan.

6.  The loan required Plaintiff to make monthly principal and interest payments of $539.60.

### *Nationstar's excessive late fees*

7.  At some point after Defendant began servicing Plaintiff's loan, Plaintiff allegedly fell behind in his payments.

8.  Nationstar began charging Plaintiff late fees of $26.98 or more.

9.  The late fees that Nationstar charged exceeded the $5.00 maximum set forth in the loan agreement, which specifically provided that a late charge "will not be more than $5.00."

10. The late fees also exceed those authorized by West Virginia Code § 46A-3-112(1)(a).

11. The Defendant also has a regular practice of unlawfully assessing multiple late fees for a single late payment.

12. For example, at some point before February 2010, the Plaintiff allegedly fell behind on his loan payments. However, the Plaintiff timely made a full loan payment in

441640

2

February 2010. Rather than apply this payment to the loan installment due in February, the Defendant applied the payment to the installment due in January, and charged a late fee for January, and also for February, even though the Plaintiff was not late in making his February payment.

13. The Defendant's practice of assessing multiple late fees for a single late payment violates West Virginia Code § 46A-3-112(b)(2) and (3), which allows a late charge to "be collected only once on an installment however long it remains in default" and requires payments to be "applied first to current installments, then to delinquent installments and then to delinquency and other charges."

### *Nationstar's failure to credit payments*

14. On several occasions Defendant failed to credit Plaintiff's loan payments to the principal and interest due under the loan agreement. Instead, Defendant returned payments to Plaintiff and artificially created a default.

15. For instance, via letter dated June 18, 2010, Nationstar returned a full payment to Plaintiff and refused to credit it to his account.

16. This practice violates West Virginia Code § 46A-2-115(c), which provides, "All amounts paid to a creditor arising out of any . . . consumer loan shall be credited upon receipt against payments due[,]" and West Virginia Code § 46A-3-111(1), which requires that "payments on account shall be applied to installments in the order in which they fall due."

### *Nationstar's threat to collect expenses of collection*

17. Additionally, Defendant has sent the Plaintiff collection letters stating that the Plaintiff may be responsible for the "expenses of collection."

18. Nationstar's threats to charge its expenses of collection violate (a) West Virginia Code § 46A-2-127(g), which prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation[,]" (b) West Virginia Code § 46A-2-115(a), which forbids the collection of default charges except for reasonable expenses incurred in realizing on a security interest or otherwise authorized by Chapter 46A, and (c) West Virginia Code § 46A-2-128(c), which prohibits a debt collector from "collect[ing] or attempt[ing] to collect from the consumer all or any part of the debt collector's fee or charge for services rendered."

### *Nationstar's abusive debt-collection*

19. Finally, Defendant has been advised repeatedly that Plaintiff is represented by counsel. Nonetheless, on multiple occasions, Defendant contacted Plaintiff directly to demand payment.

20. This conduct violates West Virginia Code § 46A-2-128(e), which prohibits debt collectors from communicating with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained.

21. On at least one occasion, Defendant told the Plaintiff he should fire his attorney.

### THE PROPOSED CLASS

22. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated individuals pursuant to Rule 23 of the West Virginia Rules of Civil Procedure. The class is presently defined as:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this

441640                                                    4

action through the date of class certification, had or have loans serviced by the Defendant.

23. The requirements of Rule 23 are satisfied as follows:

(a) The class is so numerous joinder of all members is impracticable;

(b) There are questions of law and fact common to all members of the class; and

(c) The named Plaintiff's claims are typical of those of the class as a whole.

24. The Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interests of the class, and is represented by skillful and knowledgeable counsel. The relief sought by the named Plaintiff will inure to the benefit of the class generally.

25. The common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Additionally, the Defendant has acted or refused to act on grounds generally applicable to the entire class, thereby making final injunctive, declaratory and other relief appropriate for the class as a whole.

## LEGAL CLAIMS

### Count I – Assessment of multiple late fees for a single late payment
### (Class and individual claim)

27. Plaintiff incorporates the preceding paragraphs by reference.

28. As outlined above, and as reflected in the Plaintiff's account records, the Defendant charged Plaintiff and putative class members multiple late fees for a single late payment, in violation of West Virginia Code § 46A-3-112(b)(2) and (3).

441640                                      5

### Count II – Threat to collect debt-collection expenses
### (Class and individual claim)

29. Plaintiff incorporates the preceding paragraphs by reference.

30. As outlined above, the Defendant collected or threatened to collect its expenses of collection from the Plaintiff and putative class members, in violation of West Virginia Code §§ 46A-2-115(a), 127(g) and 128(c).

### Count III – Failure to credit payments against amounts due
### (Class and individual claim)

31. Plaintiff incorporates the preceding paragraphs by reference.

32. As outlined above, with respect to Plaintiff and putative class members, the Defendant failed to credit payments against amounts due on the underlying loan, in violation of West Virginia Code § 46A-3-111(1).

### Count IV – Assessment of late fees in excess of $15.00
### (Class and individual claim)

33. Plaintiff incorporates the preceding paragraphs by reference.

34. By collecting late fees from the Plaintiff and putative class members in excess of $15.00, Defendant violated West Virginia Code § 46A-3-112(1)(a), which provides that late fees shall not exceed $15.00.

### Count V – Breach of contract
### (Class and individual claim)

35. Plaintiff incorporates the preceding paragraphs by reference.

36. By collecting late fees in excess of the $5.00 maximum allowed by the underlying loan agreement, the Defendant breached the loan agreement of the Plaintiff and putative class members, and thereby caused the Plaintiff and putative class members to suffer damages.

### Count VI – False representation of amount of claim
### (Class and individual claim)

37. Plaintiff incorporates the preceding paragraphs by reference. By attempting to collect or collecting fees it had no right to assess against the Plaintiff and putative class members, the Defendant misrepresented the amount of a claim in violation of West Virginia Code § 46A-2-127(d).

### Count VII – Illegal debt collection
### (individual claim)

38. Plaintiff incorporates the preceding paragraphs by reference.

39. Defendant has repeatedly communicated with the Plaintiff regarding the alleged debt even after it was advised the Plaintiff was represented by counsel, in violation of West Virginia Code § 46A-2-128(e).

### Count VIII – Negligent/fraudulent misrepresentation
### (Individual claim)

40. Plaintiff incorporates the preceding paragraphs by reference.

41. Defendant represented that the Plaintiff owed the fees set forth in the monthly mortgage statements.

42. As set forth above, these representations were false because Defendant could not lawfully charge these fees.

43. Plaintiff relied on these representations to his detriment.

### RELIEF SOUGHT

Plaintiff seeks the following relief for himself and all class members:

1. An injunction prohibiting the Defendant from engaging in the unlawful conduct described above;

441640

7

2. An injunction prohibiting the Defendant from initiating foreclosure proceedings on any accounts in West Virginia where the loans were serviced in the manner described above;

3. A civil penalty for each violation of Chapter 46A, under West Virginia Code §§ 46A-5-101(1) and -106;

4. Actual and compensatory damages;

5. Reasonable attorneys' fees and the costs of this action, under West Virginia Code § 46A-5-104;

6. Punitive damages;

7. Pre- and post-judgment interest; and

8. All other relief the Court deems appropriate.

The Plaintiff demands a jury trial on all issues.

David Triplett
By Counsel

John W. Barrett (WVSB #7289)
Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301-2205
Phone: (304) 345-6555
Facsimile: (304) 342-1110

441640                                8