AO 187  (Rev. 07/87) | USDC/CRT-002 (01/06) | LR Civ P 79.1 Exhibit List and Custody Acknowledgement - Civil

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF WEST VIRGINIA

AT Select one:

OCT 15 2012

**DAVID J. TRIPLETT**
individually, and on behalf of a
class of similarly situated persons

V.

**NATIONSTAR MORTGAGE,
LLC,**

## EXHIBIT LIST - CIVIL

### CIVIL ACTION 3:11-0238

| PRESIDING JUDGE OR MAGISTRATE JUDGE: | PLAINTIFF ATTORNEY(S): | DEFENDANT ATTORNEY(S): |
|---|---|---|
| Honorable Robert C. Chambers | John Barrett, Jonathan Marshall | John Lynch |

| PROCEEDING DATE(S): | COURT REPORTER: | COURTROOM DEPUTY: |
|---|---|---|
| 10/15/12 | Teresa Ruffner | Terry Justice |

| PLFT. NO. | DEFT. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION | LOCATION |
|---|---|---|---|---|---|---|
| | 1 | 10/15/12 | ✓ | ✓ | declarations | Clerk |
| | | | | | | Select: |
| | | | | | | Select: |
| | | | | | | Select: |
| | | | | | | Select: |
| | | | | | | Select: |
| | | | | | | Select: |
| | | | | | | Select: |

PAGE   1   OF   1   PAGES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
**Huntington Division**

DAVID J. TRIPLETT,

      **Plaintiff, individually, and on behalf
of a class of similarly-situated persons,**

      v.                            Civil Action No. 3:11cv238

NATIONSTAR MORTGAGE, LLC,

      **Defendant.**

DEFENDANT'S
EXHIBIT
Admitted
CASE
NO. 3 : 11-238
EXHIBIT
NO. 1

## DECLARATION OF JEFFREY GYOMBER

    I, Jeffrey Gyomber, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury on this 10th day of September, 2012, that I have personal knowledge of the following matters and that they are true and correct to the best of my knowledge:

    1.      I am a resident of the state of California. I am above the age of eighteen (18) and am competent to testify to all matters contained herein. I make this Declaration by my own free will.

    2.      I am employed by Kurtzman Carson Consultants LLC ("KCC"), the Settlement Administrator for the class action settlement of this case, as a Senior Consultant. I am authorized to make this Declaration on behalf of KCC.

    3.      In accordance with this Court's Order Preliminarily Approving Settlement (ECF No. 73) and the Class Settlement and Release Agreement between the Parties (ECF No. 70-1), KCC was provided, via electronic media, a database that included the names, last known

addresses, and other relevant information for 1,067 Class Members who were to be mailed the Court-approved Class Notice.

4.      Pursuant to the Court's Order, KCC distributed, via first class mail, 1,067 Court-approved Class Notices to the Class Members by June 22, 2012.

5.      All Class Member addresses were run through the United States Postal Service ("USPS") National Change of Address ("NCOA") system prior to mailing.  NCOA updates addresses based on address change forms received by the USPS over the preceding 4 years. NCOA also standardizes all addresses for mailing.

6.      Out of the 1,067 Class Notices mailed, 2 were returned by the United States Postal Service ("USPS") with corrected forwarding addresses.  These 2 Notices were re-mailed to the forwarding addresses provided by the USPS.

7.      Out of the 1,067 Class Notices mailed, Notices related to 51 Class Members were returned as undeliverable.  KCC cross-checked the addresses for the 51 returned Notices against credit and other public source databases via Lexis/Nexis.

8.      Out of the 51 returned Notices, KCC found corrected address information for 38 Notices, and re-mailed the Notices to the 38 corrected addresses.  KCC did not find new addresses for the remaining 13 Class Members whose Notices were returned as undeliverable.

9.      Out of the 38 re-mailed Notices, 7 were returned once again as undeliverable. These addresses were not searched again.

10.     Altogether, there are 20 Class Members with "known bad addresses."  These are the result of the 13 Class Members whose Notices were returned as undeliverable and no new addresses were located, and the 7 Class Members whose re-mailed Notices to new addresses were returned as undeliverable.

11.   Utilizing returned mail pieces for which corrected addresses could not be discovered as the benchmark for noticing success and failure, 20 Class Members were not located through the noticing campaign.

12.   Only three Class Members submitted Claim Forms for reimbursement of improper default fees.

13.   No Class Member has opted out of the Settlement.

14.   No Class Member has submitted any objection to the terms of the Settlement.

15.   Pursuant to the Court's Order and the Parties' Settlement Agreement, KCC has maintained a toll-free telephone number and informational website, which were published in the Class Notice, to field inquiries from Class Members regarding the litigation and the proposed Settlement.

/

/

/

/

/

/

/

/

/

/

/

/

3

16.    KCC will continue to maintain the toll-free telephone number and website throughout the administration of the Settlement.

Further, the Declarant sayeth not.

GIVEN under my hand this 10th day of September, 2012.

_____
Jeffrey Gyomber

STATE OF CALIFORNIA
CITY/COUNTY OF NOVATO, to wit:

The above Declaration was subscribed and sworn to (or affirmed) before me on this 10th day of September, 2012, by Jeffrey Gyomber, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

My Commission Expires: Feb. 14, 2015

Amanda King

AMANDA KING
COMM. #1925687
NOTARY PUBLIC - CALIFORNIA
MARIN COUNTY
My Comm. Expires Feb. 14, 2015
JER-1   JER-1

Active 20091631v1 239821.000001

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

DAVID J. TRIPLETT,

        Plaintiff, individually, and on behalf
        of a class of similarly-situated persons,

     v.                                    Civil Action No. 3:11cv238

NATIONSTAR MORTGAGE, LLC,

        Defendant.

## DECLARATION OF A.J. LOLL

I, A.J. Loll, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury on this ____

day of October, 2012, that I have personal knowledge of the following matters and that they are

true and correct to the best of my knowledge:

     1.     I am a resident of the state of Texas. I am above the age of eighteen and am

competent to testify to all matters contained herein. I make this Declaration by my own free

will.

     2.     I am employed by Nationstar Mortgage LLC ("Nationstar"), the defendant in this

case, as a Vice President. I am authorized to make this Declaration on behalf of Nationstar.

     3.     In my position as a Vice President, I am familiar with the loan servicing records

and documents of Nationstar for the time periods relevant to Plaintiff's Complaint.

4.     As corporate representative for Nationstar in this matter, I have spent approximately one hundred (100) hours reviewing documents, interviewing individuals, and investigating information related to Plaintiff's individual and class claims in the Complaint.

5.     I have reviewed Nationstar's loan servicing records and reports, as well as the servicing file records and reports for Plaintiff's Loan. The servicing file records and reports are maintained by Nationstar in the regular course of its business, and it was the regular course of Nationstar's business for an employee or representative of Nationstar, with knowledge of the act, event, condition, or opinion recorded, to make the record or to transmit information thereof to be included in such records and reports, and the records and reports were made at or near the time or reasonably soon thereafter.

6.     Based on my review of Nationstar's loan servicing records and reports, from February 15, 2007 through July 1, 2011, late fees in excess of $15 were assessed against the loan accounts of borrowers whose loans were secured by real property in West Virginia in approximately 7,539 instances. Approximately 836 loan accounts were assessed late fees over $15 during this time period.

7.     Based on my review of Nationstar's loan servicing records and reports, from February 15, 2007 through July 1, 2011, demand letters including the terms "expenses of collection" were sent to borrowers whose loans were secured by real property in West Virginia in approximately 3,674 instances. The demand letters were sent to approximately 709 loan accounts during this time period.

8.     Based on my review of Nationstar's loan servicing records and reports, from February 15, 2007 through July 1, 2011, partial loan payments were returned to borrowers, whose loans were secured by real property in West Virginia, prior to the date of acceleration in

approximately 46 instances. Approximately 27 loan accounts had partial loan payments returned prior to the acceleration date during this time period.

       9.    Based on my review of Nationstar's loan servicing records and reports, from February 15, 2007 through July 1, 2011, there were an approximate total of 11,259 combined instances of late fees in excess of $15, demand letters including the terms "expenses of collection," and partial loan payments returned to borrowers prior to the date of acceleration. During this time period, approximately 1,089 loan accounts were assessed a late fee over $15, were sent a demand letter including the terms, "expenses of collection," or had a partial loan payment returned prior to the date of acceleration.

       10.    Based on my review of Nationstar's loan servicing records and reports, Class Member Barbara Dawn Holden, with a loan account ending in numbers 5602, was charged a total amount of $1,255.77 in default expenses. On July 27, 2011, Holden was fully reimbursed as part of a UPB curtailment in the amount of $1,315.77.

       11.    Based on my review of Nationstar's loan servicing records and reports, Class Member Laurel Dailey, with a loan account ending in numbers 6615, was charged a total amount of $90 in default expenses. Dailey was fully reimbursed for those expenses in the amount of $92.18.

       12.    Based on my review of Nationstar's loan servicing records and reports, Class Member Joseph Meadows, with a loan account ending in numbers 1692, was charged a total amount of $3,230.55 in non-allowable default expenses. Meadows was not reimbursed for these expenses. Meadows' loan account was foreclosed on November 24, 2009.

       13.    The foregoing is true to the best of my belief and knowledge.

       Further, the Declarant sayeth not.

3

GIVEN under my hand this 9th day of October, 2012.



_____
A.J. Loll

STATE OF TEXAS
CITY/COUNTY OF DENTON, to wit:

The above Declaration was subscribed and sworn to (or affirmed) before me on this 9th day of October, 2012, by A.J. Loll, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

My Commission Expires: 11/23/13

Active 20149670v1 239821.000001

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### Huntington Division

**DAVID J. TRIPLETT,**

     **Plaintiff, individually, and on behalf**
     **of a class of similarly-situated persons,**

    v.                                           **Civil Action No. 3:11cv238**

**NATIONSTAR MORTGAGE, LLC,**

     **Defendant.**

### SUPPLEMENTAL DECLARATION OF JEFFREY GYOMBER

     I, Jeffrey Gyomber, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury on this _11th_ day of October, 2012, that I have personal knowledge of the following matters and that they are true and correct to the best of my knowledge:

     1.     I am a resident of the state of California. I am above the age of eighteen (18) and am competent to testify to all matters contained herein. I make this Declaration by my own free will.

     2.     I am employed by Kurtzman Carson Consultants LLC ("KCC"), the Settlement Administrator for the class action settlement of this case, as a Senior Consultant. I am authorized to make this Declaration on behalf of KCC.

     3.     In accordance with this Court's Order Preliminarily Approving Settlement (ECF No. 73) and the Class Settlement and Release Agreement between the Parties (ECF No. 70-1),

KCC was provided, via electronic media, a database that included the names, last known addresses, and other relevant information for 1,089 loan accounts.

4.    KCC's data analysis identified and removed 22 duplicate address entries, leaving 1,067 loan accounts of Class Members who were to be mailed the Court-approved Class Notice.

Further, the Declarant sayeth not.

GIVEN under my hand this _11th_ day of October, 2012.

_____
Jeffrey Gyomber

STATE OF CALIFORNIA
CITY/COUNTY OF NOVATO, to wit:

The above Declaration was subscribed and sworn to (or affirmed) before me on this _____ day of October, 2012, by Jeffrey Gyomber, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

My Commission Expires: _____

Active 20152353v1 239821.000001



State of California, County of Marin
Subscribed and sworn to (or affirmed) before me on
this _11_ day of _October_, 20_12_,
by _Jeffrey Gyomber_
proved to me on the basis of satisfactory evidence to
be the person(s) who appeared before me.
_____
Signature

ISMAEL DELGADO
COMM. #1954495
NOTARY PUBLIC - CALIFORNIA
MARIN COUNTY
My Comm. Expires Sept. 30, 2015

2